[No. 10522. Department One. January 23, 1913.]

MARTIN HANSON, *Appellant*, v. SILAS M. SHIPLEY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—DUTY TO WARN—UN-KNOWN DANGER—ASSUMED RISKS. Where an experienced man in clearing land fastened a chain to a log to be dragged by a team, without knowing that the end of the log was attached to the ground by the roots, causing the top to swing around and strike him while he was standing in the sweep of the top when the team started, the master owed no duty to warn him of the starting of the team; since he had an equal or better opportunity to know of the danger, which makes it one of the assumed risks of the business.

Appeal from a judgment of the superior court for King county, Main, J., entered January 25, 1912, upon granting a nonsuit, dismissing an action for personal injuries sustained by an employee engaged in clearing land. Affirmed.

*Martin J. Lund*, for appellant.

*Will H. Morris* and *E. P. Dole*, for respondent.

MOUNT, J.—Action for personal injuries. The trial court granted defendant's motion for a nonsuit at the close of the plaintiff's evidence, and dismissed the action. The plaintiff has appealed.

It appears that the plaintiff was in the employ of the defendant, who was clearing some land upon Vashon Island. At

[1]Reported in 129 Pac. 377.

the time of the injury to the plaintiff, on July 5, 1910, he and two other employees were engaged in gathering up and burning sticks and logs upon the clearing. A team of horses was used in dragging logs too heavy to be carried to the fire. One of these employees, Matson by name, was driving the team. In the course of the work they came to a cedar log, about five to eight inches in diameter, and about fifteen or sixteen feet long, the top end of which had been cut off. This tree or log had some time previously been blown down, and was for that reason called a wind-fall. The roots on the under side of the base were still in the ground, and plaintiff fastened the chain which was used for that purpose near the top of the log. Mr. Matson, who was driving the team, directed him to fasten the chain around the log near the base. Plaintiff did so, and put the chain around the log about three feet from the base, and hooked the other end of the chain to the double trees to which the team was attached, and started to walk away between the team and the top of the log. As the plaintiff was walking away, the driver started the team without further warning. The roots held the base of the log and caused the top to swing toward the team. As it did so, it struck the plaintiff and broke his leg.

It is claimed by the appellant that Mr. Matson was a vice principal, and that he started the team without warning the plaintiff or giving him time to escape, and thereby put in motion a dangerous agency; that his duty to warn the plaintiff was imperative under the rule in *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114; *McLeod v. Chicago M. & P. S. R. Co.*, 65 Wash. 62, 117 Pac. 749; *Hall v. Northwest Lum. Co.*, 61 Wash. 351, 112 Pac. 369, and similar cases. But it is apparent that the starting of the team in this case was not putting into action a dangerous agency, as in those cases. It may well be questioned if Mr. Matson was a vice principal. But conceding, for the purposes of this case, that he was such vice principal, the rule is well settled that the master is not required to warn his servant of dangers which

the servant knows or has the same opportunity to know as the master. *Deaton v. Abrams*, 60 Wash. 1, 110 Pac. 615; *Props v. Washington Pulley & Mfg. Co.*, 61 Wash. 8, 111 Pac. 888.

It is not shown in this case that the master knew that the base of the log was attached to the ground by its roots, or that he should have known that fact. The plaintiff was an experienced man in this sort of work. He was within three feet of the base of the log. He put the chain around the log at that point, and had a better opportunity to see and know the condition of the log than the master, for it was not shown that the master was near that end of the log. It is plain, therefore, that there was no duty upon the master to warn the plaintiff that the top end of the log might swing around toward the team, for neither the master nor the servant knew or even supposed that the log was fast in the ground at its base.

The plaintiff says the team was started with a jerk. The only evidence of that fact is that the log swung around quickly; but that was caused, of course, by one end of the log being fixed while the other was free. The pull being near the fixed end, necessarily threw the other end around quickly. It is plain upon the whole record that the master was not negligent. The accident occurred solely because one end of the log was fixed to the ground, and neither the master nor the servant knew that fact. It was one of the risks of the business, one which the servant assumed when he undertook to walk away within the sweep of the log. The log was a small one, five to eight inches in diameter. There was no necessity for the plaintiff to walk in front of it where he knew it was to be dragged. He might readily have stood behind it, where there was no possibility of danger.

The court, therefore, properly directed a nonsuit. The judgment is affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK., JJ., concur.