[No. 13369. Department One. August 4, 1916.]

JOHN SWANSON, *Appellant*, v. OREGON-WASHINGTON
RAILROAD & NAVIGATION COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISKS
—FEDERAL ACT. Assumption of risks is a defense to a servant's action for personal injuries, where no violation of any statute is alleged, whether the action is within or without the Federal employers' liability act.

SAME—INJURY TO SERVANT—PATENT RISKS—DUTY TO WARN—ASSUMPTION. The danger of pinching one's fingers while unloading rails is so obvious to a mature, experienced laborer, that failure to warn of the danger is not negligence; and the risk was an incident to the employment which was assumed.

Appeal from a judgment of the superior court for Spokane county, Darch, J., entered September 15, 1915, dismissing an action for personal injuries sustained by a railroad laborer, upon granting a nonsuit. Affirmed.

*Robertson & Miller* and *E. W. Robertson*, for appellant.

*A. C. Spencer* and *Hamblen & Gilbert*, for respondent.

CHADWICK, J.—Action to recover for personal injuries. Motion for nonsuit by defendant was granted by the trial court at the close of the submission of plaintiff's evidence. We find no error in this judgment.

Whether appellant's action was properly brought under the Federal employers' liability act, it is unnecessary to determine. No violation of any statute enacted for the safety of employees being alleged, the defense of assumption of risk is a bar whether the action falls within or without the statute. Federal Employers' Liability Act, § 4.

Appellant was one of a crew of seven men who were unloading rails from a flat car and piling them on the right of way. Four of the men skidded the rails from the flat car to the ground. Appellant and two others, with the help of

[1]Reported in 159 Pac. 379.

some of the men from the car, would pile them. In doing so, they would pull them into place. While thus engaged, appellant's finger was caught and so injured as to necessitate amputation.

The grounds of complaint were negligence of fellow workmen, failure to furnish proper appliances and a sufficient number of workmen, and failure to give proper warning of the dangers attending the work. The record discloses no support for the first three allegations sufficient to justify a submission of the case to the jury. Neither do we find a request, on the part of appellant, for different tools or more workmen.

Appellant was a man thirty-nine years of age and experienced as a laborer. The danger of pinching one's finger while unloading rails is an obvious and patent one, and the contention that there was a failure to warn appellant of the danger is not well taken. *Deaton v. Abrams*, 60 Wash. 1, 110 Pac. 615, 47 L. R. A. (N. S.) 266; *Props v. Washington Pulley & Mfg. Co.*, 61 Wash. 8, 111 Pac. 888, 45 L. R. A. (N. S.) 658; *Hanson v. Shipley*, 71 Wash. 632, 129 Pac. 377; *Sainis v. Northern Pac. R. Co.*, 87 Wash. 18, 151 Pac. 93.

The risk was an incident of the employment which appellant must be held to have assumed. *Brown v. Tabor Mill Co.*, 22 Wash. 317, 60 Pac. 1126; *Anderson v. Oregon R. & Nav. Co.*, 28 Wash. 467, 68 Pac. 863; *Waterman v. Skokomish Timber Co.*, 65 Wash. 234, 118 Pac. 36.

Affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.