[No. 3372.   Decided April 4, 1900.]

C. L. BROWN, *Respondent,* v. TABOR MILL COMPANY, *Appellant.*

MASTER AND SERVANT—ASSUMPTION OF RISKS.

Where an employee of a mill, in the course of his duties, was compelled to pass under a shaft extending horizontally about three feet above the floor, which was a way commonly used by other employees and had been repeatedly used by himself, the danger of which was apparent and obvious when the shaft was in motion, by reason of the rapidity of its revolutions, he must be held to have assumed the risks incident to his employm·nt, and cannot recover for injuries received by having his clothing entangled in the shaft in attempting to pass thereunder.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge.   Reversed.

*Snell & Bedford,* for appellant.

*Allyn & Allyn* and *Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was engaged in the business of operating a saw mill, and the respondent was one of its employees.   In the course of his duties as such employee it became necessary for the respondent to pass from one part of the mill to another, and in doing so he took a way commonly used by others of the employees, as well as by the foreman and manager of the mill.   Across this way, extending horizontally about three feet above the floor, was a shaft four inches in diameter, which revolved rapidly when the mill was in motion.   In passing under the shaft the respondent's clothing became entangled therewith, and was violently torn from his person, causing the injuries for which this action is prosecuted.   The respondent prior to his injuries had been employed about the mill

for several months, and had repeatedly passed under the shaft. It does not appear that any change was made in the position or condition of the shaft during the time that respondent was employed in the mill, nor that it was any more hazardous or dangerous to pass under it at the time the injury occurred than it was at any time previous thereto. At the conclusion of the testimony the appellant moved for a nonsuit, which motion the trial court overruled, submitting the cause to the jury. The jury returned a verdict for respondent, and from the judgment entered thereon this appeal is taken.

The motion for nonsuit should have been granted. The rule that an employee, on entering upon the duties of his employment, assumes all of the risks incident to such employment which are apparent and obvious, and which he could by the exercise of common prudence avoid, is well settled in this state. *Week v. Fremont Mill Co.,* 3 Wash. 629 (29 Pac. 215); *Lewis v. Simpson,* 3 Wash. 642 (29 Pac. 207); *Jennings v. Tacoma Ry. & Motor Co.,* 7 Wash. 275 (34 Pac. 937); *Olson v. McMurray Cedar Lumber Co.,* 9 Wash. 500 (37 Pac. 679); *Hoffman v. American Foundry Co.,* 18 Wash. 287 (51 Pac. 385).

The present case falls within the rule. The dangers incident to passing under the revolving shaft were apparent and obvious, and the respondent must be held to have assumed the risk.

The judgment is reversed and the cause remanded, with directions to the lower court to dismiss the action.

GORDON, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.