[No. 4365.    Decided October 1, 1902.]

JOHN R. GRAY *et ux., ·Respondents,* v. WASHINGTON WATER POWER COMPANY, *Appellant.*

APPEAL — UNCONSIDERED OBJECTIONS — REVIEW ON SUBSEQUENT APPEAL.

Where the supreme court, in reversing an order of the lower court granting defendant a new trial which had been

granted on an erroneous ground, refused to review other grounds upon which the lower court ruled against defendant, the defendant may, upon the entry of judgment denying its motion, appeal therefrom itself, and have a review of the grounds urged by it originally, which had not been sustained at the time its motion for a new trial was under consideration by the lower court.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Dismissal of appeal denied.

*Stephens & Bunn* and *W. F. Townsend,* for appellant.

*W. H. Plummer* and *Thayer & Belt,* for respondent.

PER CURIAM.—On the trial of this case in the court below, plaintiffs recovered a verdict. Thereupon the defendant filed a motion to vacate and set aside the verdict upon several grounds. These grounds were all denied except one, viz., that the running away of plaintiffs' horse was the proximate cause of the injury upon which the complaint was based. This one ground was sustained, and upon it alone the court set aside the verdict, and granted a new trial. From this order, plaintiffs appealed, and this court, on March 19, 1902, reversed the order granting a new trial, and directed the lower court to deny the motion. 27 Wash. 713 (68 Pac. 360.). Thereafter, on May 28, 1902, the lower court denied the motion and entered judgment on the verdict. From this judgment defendant has appealed, and respondents now move this court to dismiss the appeal upon the ground that the questions sought to be raised by this appeal were raised, or could have been raised and determined, on the former appeal by the plaintiffs, and are therefore *res adjudicata.*

When the case was before us upon the former appeal, the respondents sought to sustain the order of the lower court by showing that the motion should have been granted

upon other grounds than the one stated by the trial court, but we then held that where the order was granted upon one question, and that a question of law only, and the ruling thereon was erroneous, we would not determine whether the motion should have been sustained upon other grounds. We therefore refused to review the questions upon which the lower court ruled against the defendant on the motion. To now dismiss the appeal for the reasons stated in the motion therefor would, in effect, be a denial of the right of appellant to have the rulings which it claims as error reviewed in this court. Without entering into a discussion of the question whether the ruling upon this point on the former appeal was correct, it is sufficient to say that the former opinion is the law of this case upon the points decided therein, and that, since the defendant was not permitted to review the errors claimed by it on plaintiffs' appeal, it should now be granted a review of them on its own appeal.

The motion is therefore denied.