(No. 5463.   Decided July 21, 1905.)

CHARLES THAM, *Respondent,* v. THE J. T. STEEB SHIPPING COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—OPEN AND OBVIOUS DANGERS— ASSUMPTION OF RISKS. Where the dangers incident to the employment are alike open and obvious to the master and servant, the parties are upon an equality, and the master is not liable for an injury to the servant resulting therefrom.

[1]Reported in 81 Pac. 711.

APPEAL—REVIEW—ERROR FAVORABLE TO APPELLANT—TRIAL—IN-
STRUCTIONS.  The giving of an erroneous instruction, favorable to
the appellant, is not prejudicial error although it conflicts with other
correct instructions.

APPEAL—REVIEW—NEW TRIAL—ERRORS OF LAW.  The granting of
a new trial solely for supposed error in an instruction, will be
reversed on appeal for error of law where the instruction was
correct, no judicial discretion being involved.

Appeal from an order of the superior court for Pierce
county, Snell, J., entered August 29, 1904, granting a new
trial, for error of law, upon motion of the plaintiff, after
a trial and verdict in favor of the defendant, in an action
for personal injuries.  Reversed.

*James M. Ashton* and *W. H. Hayden,* for appellant.

*W. H. Harris,* for respondent.

ROOT, J.—Respondent, while working for appellant upon
a scow by the side of the ship "Robert Adamson," was
knocked from said scow by a sling-load of lumber, swung
from the rail of said ship.  In falling, he struck upon the
railing of a naphtha launch, lying alongside the scow, and
suffered a broken leg.  He brought suit for damages.  At
the trial, a verdict was returned in favor of the defendant.

A motion for a new trial was duly made, and was granted
by the trial court, solely upon the ground that two of its
instructions were inconsistent with, and contradictory to,
each other, and that one of them, number 18, hereinafter
referred to, was not the law.  Appeal is taken from this
order.  Said instruction number 18 was in the following
language:

"If you find from the evidence that the danger was alike
open and obvious to the plaintiff and to the defendant, both
the plaintiff and the defendant are upon an equality, and
the master is not liable for an injury resulting from the
dangers incident to the employment."

The other instruction is number 27, and is as follows:

"Under the law of this state the master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master. The servant has the right to rely upon the superior knowledge and skill of the master. The servant is not entirely free to act upon his own suspicion of danger. If, therefore, the master orders the servant into a place of danger and the servant is injured he, the servant, is not guilty of contributory negligence, unless the danger was so glaring that a reasonably prudent person would not have entered into it."

We are unable to agree with the learned trial judge that instruction number 18 is not the law. This instruction is taken, in substance, from the opinion of this court in *Anderson v. Inland Tel. etc. Co.,* 19 Wash. 575, 53 Pac. 657, 41 L. R. A. 410. The law as set forth in the instruction is recognized in that case, and in the following cases from this court: *Hoffman v. American Foundry Co.,* 18 Wash. 287, 51 Pac. 385; *Jennings v. Tacoma R. & Motor Co.,* 7 Wash. 275, 34 Pac. 937; *Brown v. Tabor Mill Co.,* 22 Wash. 317, 60 Pac. 1126.

We do not think that this instruction is necessarily in conflict with instruction number 27. The idea sought to be conveyed by the latter is correct to the effect that the master and servant do not always stand upon an equality. The language in 27 is not apt, and some of the statements, taken alone, are not correct as propositions of law; but the substance, taken as a whole, would be proper in an appropriate case—as, for instance, where there is little appearance of danger, but where the master, by superior knowledge, is aware of dangerous conditions not recognized by the servant. Respondent excepted to the giving of instruction number 18. He did not except to the giving of instruction number 27, and had no occasion to do so, as it was favorable to him. Number 18 being a correct statement

18—39 WASH.

of the law, it follows that respondent had no just complaint because of its being given; and he could not be prejudiced, even if 27 did conflict, for the reason that whatever effect 27 would have, as against 18, would be in his favor. If the trial court's views of 18 were correct, the motion for a new trial would have been properly granted; but as, in our opinion, the statement of law in 18 is correct, the action of said court in granting said motion was erroneous.

Ordinarily this court is very reluctant to set aside the action of the trial court in granting a new trial. In this case, it was suggested in respondent's brief that the trial court believed the evidence insufficient to sustain the verdict, and would have granted the new trial upon that ground, had it believed it had the power to thus review the action of the jury. Had the learned judge granted the motion upon this ground, or upon any ground involving sound judicial discretion, his action would not likely have been disturbed. But the record fails to show such facts. On the contrary, it shows that the trial judge stated expressly that the evidence and facts were such that reasonable men might properly reach different conclusions thereupon, and he based his decision solely upon the conflict and inconsistency which he believed to exist between said instructions 18 and 27. Hence, a clear question of law is presented, upon which we are unable to reach the same conclusion as that arrived at by said court.

The judgment of the honorable superior court will therefore be reversed, with instructions to enter judgment upon the verdict.

Mount, C. J., Crow, Hadley, Fullerton, and Rudkin, JJ., concur.