[No. 6106. Decided September 8, 1906.]

E. R. ARMSTRONG, *Respondent*, v. WM. MUSSER LUMBER & MANUFACTURING COMPANY, *Appellant*.[1]

PLEADINGS—GENERAL DENIAL—WHAT MAY BE PROVED. Under a general denial of a complaint alleging a contract of employment for one year, the defendant may introduce evidence tending to show a contract of employment for an indefinite time, without affirmatively alleging the same.

APPEAL— REVIEW — HARMLESS ERROR — INSTRUCTIONS. Where an answer by a general denial raises an issue as to whether a contract of employment was for a fixed period or for an indefinite time, inadvertently instructing the jury that such issue was raised by an affirmative allegation of the answer, is not prejudicial error.

NEW TRIAL—GROUNDS—INSTRUCTIONS. A new trial should not be granted for an inadvertent error in the instructions that was not prejudicial to the moving party.

APPEAL—REVIEW—GROUNDS NOT CONSIDERED BELOW—NEW TRIAL. Where a new trial is expressly granted upon a single question of law, and it was error to grant it upon that ground, the order will be reversed on appeal without determining whether the motion should have been granted upon any other ground.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered October 31, 1905, in favor of the plaintiff, granting a new trial. Reversed.

*W. J. C. Wakefield, H. M. Stephens,* and *A. W. Witherspoon,* for appellant.

*Munter & Jesseph,* for respondent.

CROW, J.—This action was instituted by the plaintiff, E. R. Armstrong, against the defendant, Wm. Musser Lumber

[1]Reported in 86 Pac.944.

& Mfg. Company, a corporation, to recover damages for the breach of a contract of employment. The plaintiff alleged that on January 15, 1903, the defendant orally agreed to employ him as its superintendent for one year, at a salary of $2,000 per year; that said agreement was subsequently and prior to February 15, 1903, confirmed by letters and telegrams from the defendant to the plaintiff; that plaintiff entered upon the discharge of his duties and performed the same until April 15, 1904, when he was without cause discharged by the defendant; that thereafter he from time to time tendered his services to the defendant; that the same were refused; that his salary was payable on the 1st and 15th of each month; that since May 1, 1904, the defendant has refused to pay said salary or any part thereof; that prior to plaintiff's employment it had been the custom in the state of Washington that superintendents were employed by the year; that said custom was well known at the time of said employment to the plaintiff and defendant; that plaintiff was unable to find other employment, and that he has been damaged in the sum of $1,666.66. The defendant denied the making of the contract alleged in the complaint, and pleaded certain affirmative defenses not necessary to be here stated. Upon trial the jury returned a verdict in favor of the defendant. The plaintiff moved for a new trial on several grounds. The motion was granted on the sole ground that the court had committed error in instructing the jury as to the issues raised by the pleadings. From said order granting a new trial, this appeal has been taken.

The complaint, in substance, alleged that the contract of employment had been originally made for the definite period of one year, and that it had, by the implied agreement of the parties, been renewed and extended for a second year, which would expire on February 15, 1905. The answer simply denied the making of this contract, without affirmatively pleading any other contract. On the trial, however,

the appellant introduced evidence tending to show that the original and only contract of employment had been made for an indefinite time instead of a fixed period. The court in its instructions to the jury, while stating the issues, said:

"The answer, after making denials of the allegations of the complaint, alleged affirmatively, that the plaintiff was employed for an indefinite time. . . ."

The answer, in fact, contained no such affirmative allegation, and in the order granting a new trial the court recited that it was granted solely by reason of said misstatement of the allegations of the answer, and not for any other reason, the court being of the opinion that prejudicial error was thereby committed. While it is true that the court, by inadvertence, misstated the allegations of the answer, yet the issues actually raised by the pleadings and the evidence were correctly stated. It was not necessary for the appellant to affirmatively allege that the contract of employment was for an indefinite time, in order that it might introduce evidence tending to show such fact. Such evidence was admissible under its denial of the contract alleged by the respondent. *Puget Sound Iron Co. v. Worthington,* 2 Wash. Ter. 472, 7 Pac. 882, 886; *Williams v. Ninemire,* 23 Wash. 393, 63 Pac. 534; *Peterson v. Seattle Traction Co.,* 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586. It was the duty of the court to instruct the jury upon the issues raised by the pleadings and the evidence. The issues thus raised did show that the appellant, under the denial contained in its answer, was contending that the only contract made was for an indefinite time. The substance of the instruction given was therefore proper, although technically speaking it was not a correct statement of the allegations of the answer. We fail to see how this inadvertence, which was one of form rather than one of substance, could have been in the least prejudicial, or how it could have misled the jury who were called upon by the pleadings and the evidence to decide whether the contract

was for a fixed period or an indefinite time. Error that is not prejudicial does not warrant the granting of a new trial.

The respondent insists that, in determining whether the order granting a new trial should be sustained, we should not confine ourselves to an examination of the single question whether the ground stated by the trial court was a valid one, but should sustain its order if the entire record discloses the existence of any valid ground for granting a new trial; and on the question of the proper practice in this regard calls attention to *Gray v. Washington Water Power Co.,* 27 Wash. 713, 68 Pac. 360, and also to a later opinion of this court in the same case, 30 Wash. 154, 70 Pac. 255, denying a motion to dismiss a subsequent appeal. Respondent contends that the language used in the last mentioned opinion indicates some doubt upon the part of this court as to the correctness of its former ruling, to the effect that where only one ground, involving a pure question of law, is given for sustaining a motion for a new trial, and it was error to grant the motion on that ground, the order will be reversed without determining whether the motion should have been granted upon any other grounds. In the later opinion we simply stated the law of that case, and did so without any intention of questioning the rule previously announced, which rule we have since followed. *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Allen v. Northern Pac. R. Co.,* 35 Wash. 221, 77 Pac. 204; *Tham v. Steeb Shipping Co.,* 39 Wash. 271, 81 Pac. 711.

The trial court erred in granting the motion on the ground stated. The order is therefore reversed, and the cause remanded, with instructions to deny the motion for a new trial.

Mount, C. J., Dunbar, Rudkin, Hadley, and Fullerton, JJ., concur.