[No. 10472. Department One. September 11, 1912.]

J. D. Grant, *Respondent*, v. Ernst Huschke, *Appellant*.[1]

Fraud—Issues and Proof—Evidence—Admissibility. In an action on a land trade, in which the answer alleged fraud by the plaintiff in misrepresenting the character of the land as susceptible to irrigation, evidence as to the value of the land is not objectionable because not coupled with the appurtenant water rights; and it was proper to rule and instruct that no damages were claimed by defendant because of failure to have water on the land, where practically all the testimony segregated the value of the land and the value of the water rights, and there was no claim that the plaintiff did not convey the water rights according to representations.

New Trial—Grounds—Instructions—Requests. A new trial should not be granted for failure to give an instruction which was not specifically requested.

Appeal—Review—Grant of New Trial—Discretion. The grant of a new trial for errors of law is not a matter of discretion, and the supreme court will determine its correctness independently of the judgment of the trial court.

Appeal—Questions Reviewable—New Trial. Where a new trial is granted upon one specified legal ground, no other will be considered on appeal.

Appeal—Parties Entitled to Allege Error. On appeal from an order granting a new trial for error of law only, the respondent cannot urge the insufficiency of the evidence to sustain the verdict.

Appeal from an order of the superior court for Spokane county, Webster, J., entered October 5, 1911, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action on a promissory note. Reversed.

*Merritt, Oswald & Merritt*, for appellant.

*Mark F. Mendenhall* and *Geo. D. Emery*, for respondent.

Gose, J.—The plaintiff brought this suit to recover upon two causes of action. The first cause of action has no bearing upon the controversy here. In the second cause of action it is alleged, that on November 1, 1909, the defendant sold

[1]Reported in 126 Pac. 416.

and assigned to the plaintiff a certain contract in writing for the sale of real estate situated in the city of Seattle, that taxes in an amount stated were then due upon the property, and that as a part of the contract the defendant promised to pay them. As an affirmative defense and counterclaim, the defendant alleged that, about the 1st day of November, 1909, he exchanged his right, title, and interest in certain real estate situate in the city of Seattle for a twenty-acre tract of land in Spokane county, describing it, "together with the water right thereunto appurtenant," then belonging to the plaintiff and his wife, and that he then and there assigned to the plaintiff a written contract which he held for the Seattle property; that the plaintiff and his wife then conveyed the Spokane county property to the defendant; that the transaction was carried on in the city of Seattle where all the parties resided; that, for the purpose of inducing the defendant to exchange the properties, the plaintiff falsely and fraudulently represented to the defendant that the real estate situate in the county of Spokane was "all as level as a floor, would not have to be leveled for the purpose of irrigation, that it was all first-class fruit land, and that all of it was capable of being cultivated and irrigated;" that the representations were not true; that the plaintiff knew them to be false; that the defendant believed them and relied "exclusively" thereon; that he had no knowledge to the contrary and no opportunity of inspection; that he had never seen the land and that, owing to its remoteness from Seattle, he could not inspect it.

It is further alleged that the Spokane property is "hilly;" that upon the hills there are only eight to ten inches of good soil which is underlaid with sand; that a leveling of the land would remove the top soil and uncover the sand; that by reason of the contour of the land, it is impossible to irrigate a great portion thereof; and that the defendant has been damaged, by reason of such false representations, in the sum of $750. The plaintiff replied, denying the allegations of false

representations and admitting the exchange of properties as alleged. There was a verdict for the defendant in the sum of $618.15. Thereafter, on the motion of the plaintiff, a new trial was granted. The defendant has appealed.

The order granting a new trial recites:

"It appearing that at the trial of said cause questions were propounded to defendant's witnesses by defendant's attorneys, asking such witnesses the fair, reasonable market value of the land upon November first, 1909, acquired by the defendant in a trade with the plaintiff, and that plaintiff's attorney objected at the time to each of said questions for the reason that the water rights were not coupled with the land, and included in said questions, and it further appearing that each of such objections were erroneously overruled by the court, and that the court at the trial of said cause erroneously failed to require defendant's attorneys in their questions relative to the value of said land to couple therewith the water rights appurtenant thereto, and it further appearing that at the trial of said cause the court stated that it would instruct the jury that defendant does not claim anything because of the failure to have water on the land, and that the court omitted and failed to give such instruction to the jury, and the court being of the opinion that the aforesaid errors constitute sufficient ground for the granting of a new trial herein, and that there are no other or further grounds or reasons for granting a new trial than those hereinabove specified."

While upon the witness stand, the appellant was asked: "Q. Now, what do you say you have paid for these twenty acres of land? A. $5,000 in all; $100 for the land and $150 for the water right," in an exchange of properties. Practically all the testimony in the case segregates the land and water values, and the contest revolved about the character and value of the land as a separate entity. It will be observed that the answer alleges that the appellant exchanged his Seattle contract for the twenty acres of land in Spokane county, "together with the water right appurtenant thereto," and that the false representations relied upon have reference only to

the lay and quality of the land. There is no claim that the water right conveyed was not according to representation.

The witnesses were asked by counsel for the appellant to state the reasonable market value of the land on the 1st day of November, 1909, the date of the exchange. The objections throughout were that the questions should include the water rights. The court consistently and correctly ruled that the only questions in controversy were the representations made by the respondent, the actual character and quality of the land, and the difference between the value of the land as it actually was at the time of the sale and as it was represented to be. This was the whole controversy. The court finally said, in overruling the respondent's objection to the question: "There is no claim on account of not having water on the land. Mr. Oswald in his answer here does not claim anything because of the failure to have water on the land. I will so tell the jury when I come to instruct them." The court failed to instruct the jury that the water was not in controversy, and this is one of the grounds upon which a new trial was granted. If the respondent desired the instruction he should have specifically requested it, and having failed to do so, no error resulted. *Grant v. Armstrong*, 55 Wash. 365, 104 Pac. 632; *Allend v. Spokane Falls & N. R. Co.*, 21 Wash. 324, 58 Pac. 244; *Rush v. Spokane Falls & N. R. Co.*, 23 Wash. 501, 63 Pac. 500.

The respondent argues that the granting of a new trial is a matter of sound discretion, and that, where that discretion has not been abused, the judgment will not be disturbed. The rule stated is correct when the discretion of the court is exercised upon the facts, but it is not correct where it is exercised upon questions of law. In such cases the ruling of the court will be treated the same as a ruling upon any other legal question arising in the progress of the trial, and this court will determine its correctness independently of the judgment of the trial court. *Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944; *Tham v. Steeb*

*Shipping Co.*, 39 Wash. 271, 81 Pac. 711; *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804; *Lawrence v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Gray v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac. 360; *Gardner v. Lovegren*, 27 Wash. 356, 67 Pac. 615; *Thomas & Co. v. Hillis, ante* p. 53, 126 Pac. 62.

These cases also announce the rule that, when a new trial has been granted upon specified legal grounds, our inquiry will be limited to the grounds stated in the order.

We are invited to consider the question of the sufficiency of the evidence to support the verdict. This was considered by the trial court, and its ruling was adverse to the respondent, and the question is not open upon the plaintiff's appeal.

The judgment is reversed, with directions to enter a judgment upon the verdict.

CROW, PARKER, and CHADWICK, JJ., concur.