[No. 12773.   Department One.   January 4, 1916.]

SMITH SAND & GRAVEL COMPANY, *Appellant*, v. D. C. CORBIN,
*Respondent*.[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL.   Where a new trial is
granted without specifying upon which of several grounds it was
based, it will be sustained on appeal if correct on any ground.

PLEADINGS—ABANDONMENT OF ONE CAUSE—STRIKING.   Where a
third cause of action was abandoned at the first trial of the case, it
is not error, on a new trial, to strike it out.

APPEAL—DECISION—QUESTIONS DETERMINED—LAW OF CASE.   A de-
cision, on appeal from an order granting a new trial for error of
law, that error had been committed in the admission of evidence
upon a second cause of action because the complaint was insufficient
to state a cause of action, is not *obiter dictum* as to the sufficiency
of the complaint, but was necessary upon the question of the pro-
priety of granting the new trial, and becomes the law of the case
and conclusive on a retrial.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING.   Where a written
contract for the removal of rock definitely provided what work was
to be done and at what price, without fixing the time, thereby imply-
ing that it must be done within a reasonable time, it is inadmissible,
as varying the terms of the contract, to show by parol an oral agree-
ment that such time was to be given as to allow a removal and sale
of the rock at a profit; hence a second cause of action pleading such
oral agreement as an additional consideration for making the writ-
ten agreement does not state a cause of action and is properly struck
out on motion.

APPEAL—REVIEW—QUESTIONS CONSIDERED—BRIEFS.   The supreme
court is not limited in its consideration of a case to the points made
in the briefs, but may make an independent investigation in order
to arrive at a correct result.

PLEADINGS—AMENDMENTS—DEPARTURE.   It is not error to refuse
to allow an amendment to the complaint at a second trial, to show
a breach of the contract not relied upon at the first trial, which in-
troduced a new cause of action and was a departure from plaintiff's
theory at the first trial.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered March 19, 1915, dismis-

[1]Reported in 154 Pac. 150.

sing certain causes of action, after remand on appeal from an order granting a new trial, in an action on contract. Affirmed.

*O. C. Moore*, for appellant.

*Allen, Winston & Allen*, for respondent.

MOUNT, J.—This case has been before this court on two former occasions. The first appeal was by the plaintiff from an order granting a new trial. The appeal was first heard by Department One of this court, and the order affirmed. *Smith Sand & Gravel Co. v. Corbin*, 75 Wash. 635, 135 Pac. 472. A rehearing was granted and the cause was presented to the court *En Banc*. The order granting a new trial was again affirmed, the entire court concurring. In the *En Banc* opinion, speaking of the trial court's ruling on the motion for a new trial, we said:

"The court, in ruling orally upon the motion, gave three reasons for granting a new trial; (1) that he had committed error in his instructions to the jury touching the burden of proof; (2) that he had erred in permitting any testimony to be introduced on the second cause of action; (3) that in any event the verdict was against the evidence. The formal order, however, did not state the grounds. Even under our decision antedating this appeal, which was taken prior to the adoption of the rule to that effect, in *Rochester v. Seattle, Renton & Southern R. Co.*, 75 Wash. 559, 135 Pac. 209, we are at liberty to examine the whole record, and, if it discloses any ground warranting the granting of a new trial, the order appealed from must be affirmed.

"Such an examination convinces us that the so-called second cause of action failed to state a cause of action. It pleaded an oral agreement, contemporaneous with the written agreement, and sought to put upon this oral agreement a construction which would vary the terms and legal effect of the writing. It is a rule of universal application that a written contract complete in itself, or in so far as it is complete in itself, cannot be contradicted, explained, enlarged, varied or controlled by extrinsic evidence of a different con-

temporaneous parol agreement." *Smith Sand & Gravel Co. v. Corbin*, 81 Wash. 494, 142 Pac. 1163.

We then held that, because the court at the first trial had committed error in admitting any evidence under the second cause of action, a new trial was properly granted. For a synopsis of the pleadings and of the facts, we refer to the two former opinions.

On the transmission of the remittitur, the defendant moved the trial court to strike from the amended complaint, upon which the first trial was had, the second and third causes of action. The motion was granted, and a judgment was entered dismissing the second and third causes of action. The plaintiff again appeals.

There is grave doubt as to whether the order appealed from is appealable, but inasmuch as it must be affirmed on the merits, we prefer so to dispose of it.

The first claim of error is directed to the striking by the trial court of the second and third causes of action. The third cause of action was abandoned at the former trial. There was obviously no error in striking it. Counsel makes the surprising claim that the sufficiency of the second cause of action was not before the court on the hearing *En Banc*, and that therefore everything said in the opinion, save the final sentence affirming the order granting a new trial, is *obiter dictum*. Several pages of his brief are devoted to the elementary rule that dictum is not decision. It is then argued that the sufficiency of the complaint was not before us, because insufficiency of a complaint to state a cause of action is not made by statute a specific ground for the granting of a new trial. The statute, Rem. & Bal. Code, § 399, subd. 8 (P. C. 81 § 729), however, does provide that a new trial may be granted for "error in law occurring at the trial and excepted to at the time by the party making the application." It is self-evident that the admission of evidence addressed to a pleading which does not state a cause of action, over objection and exception taken, is error in law. We

were, therefore, compelled to pass upon the sufficiency of the second count of the complaint in order to determine whether the trial court had committed error in law by admitting evidence under it. Demonstrably, the determination of the insufficiency of the second cause of action was necessary to the conclusion that the new trial was properly granted. Our decision that it did not state a cause of action, therefore, became thenceforth the law of the case, and a sufficient warrant to the trial court to strike it from the complaint.

Appellant now urges us to reconsider the question of the sufficiency of the second cause of action, insisting that all that was said in the opinion *En Banc* was an inadvertence, and in conflict with the holding of this court in *Interstate Engineering Co. v. Archer*, 64 Wash. 629, 117 Pac. 470. We find no such conflict. In that case, there was no formal written contract. The writing consisted of an order for structural iron and the letter acknowledging receipt of the order, stating the price, kind of material, manner of shipment and terms of payment, but failing to state the *quantity* of material or the *time* when it was to be delivered. The defendant pleaded, and was permitted to prove, that the plaintiff agreed to ship the iron *within a reasonable time and not to exceed thirty days after the date* of the contract. We said:

"The letter upon its face does not purport to state the whole agreement. . . . Where it appears that only a part of the contract is in writing, the part not in writing may be proved by parol, *in so far as it is not inconsistent with the written portion.* 17 Cyc. 746-7; Wigmore, Evidence, § 2430. It was proper, therefore, for the court to receive oral evidence as to the time when the materials were agreed to be delivered."

The phrase which we have italicized in the above quotation states an essential qualification in every such case. It marks a plain and elementary distinction between the *Interstate Engineering* case and the case before us. In the case here, there was neither allegation nor offer of proof that any

definite time was agreed upon as a reasonable time for the removal of the rock. The written contract definitely provided *what work was to be done, and at what price*, but did not provide when it was to be completed. *There being no allegation that any definite time was agreed upon, either orally or otherwise, it became an implied term of the contract that it must be done within a reasonable time.* It follows that the only competent evidence as to time was evidence of what was a reasonable time to do the work of removing the rock, which was the only work contemplated in the written contract. Such evidence was admitted, and we held properly so. But the appellant, as its so-called second cause of action, pleaded an alleged oral agreement which would extend the time of performance beyond the legally implied reasonable time for the removal of all the rock to such time as it might find necessary to crush the rock and sell it at a profit. As we said on the rehearing *En Banc:*

"Such an agreement would change the whole tenor of the written contract. It would extend the time of performance beyond the legally implied reasonable time for the removal of all the rock to such time as the appellant might find necessary to crush the rock and sell it at a profit. This would contradict and change the whole scope and meaning of the written contract touching a stipulation upon which the writing is clear and unambiguous. The written contract was not for a sale of rock, but for the removal of rock; hence no damages could be recovered for a loss of profits upon the rock without first showing that the respondent terminated the contract and reentered before the expiration of a reasonable time for the removal of all the rock; not before the expiration of a reasonable time for crushing and selling of all the rock at a profit. These two things are so widely different that a contract for the one is wholly inconsistent with an agreement for the other."

If, in the *Interstate Engineering* case, the plaintiff had pleaded an oral agreement that it should have such time to furnish the iron as might be required to purchase it at such price as to make a profit on the written contract to furnish

the iron to the defendant, proof of such a collateral agreement would have been plainly inadmissible. It would have changed the whole tenor of the written agreement to furnish the iron at a given price for a given purpose. It would have had no tendency to prove what was a reasonable time to *furnish the iron*. Furnishing the iron was the definite purpose covered by the writing. The distinction is just this. The rule that the failure to fix a definite time in the writing to do the definite thing provided in the writing to be done will admit parol proof of what is a reasonable time to do *that definite thing*, does not authorize parol proof of what would be a reasonable time to do that thing *and something else not mentioned nor implied in the writing*.

Counsel quotes with emphasis the following from the *En Banc* opinion:

"In the case before us, the appellant, by its so-called second cause of action, did not merely seek to plead facts showing what was a reasonable time for the removal of all the rock. . . . *but sought to set up and substitute for such reasonable time, an oral agreement that the appellant should have such time as would be required to crush and dispose of the rock by sale at a profit as the agreed time for the removal of the rock.*"

He then says that this construction of the second cause of action is not borne out by an inspection of the complaint, because "nowhere in the complaint is it alleged that the time for performance was to be extended for the purpose of enabling appellant to find purchasers or for any other purpose." He then immediately states that, under the allegations of the second cause of action, he was at the first trial permitted to introduce evidence "respecting the difficulty of finding a market for the crushed rock and of delays in the work consequent thereon." Further along in the same connection he argues:

"Now, since the oral portion provided that the rock when removed should become the property of the appellant as an additional consideration, then it was proper to inquire and

introduce evidence to prove under what circumstances and conditions the rock so contracted to be removed could be rendered available and valuable as an additional consideration, and the question of what constituted a 'reasonable time' for performance was to be determined in the light of those conditions as they might be disclosed by the evidence. This line of inquiry was permitted to some extent by the court at the former trial and it was thereby disclosed, as commented upon by this court, that the value of the rock when crushed, likewise the demand therefor, was dependent upon a variable market, which was controlled in turn to a large extent by the business conditions of the city of Spokane and the amount of public work in progress wherein crushed rock might be used as a building material. These things, we repeat, were undoubtedly in the minds of the contracting parties at the time of the execution of the contract, and necessarily constituted the surrounding circumstances and conditions which must be considered in order to arrive at a just conclusion as to the time within which performance was to be completed."

If in this counsel does not construe his own pleading precisely as we construed it in the quotation from our *En Banc* opinion, which he criticises, then his language has no meaning at all. Nothing which we could say could make it plainer than this language of counsel does that the purpose of the second cause of action was to plead, in order to prove as an additional consideration to that named in the writing, a contemporaneous parol agreement contradicting the terms, enlarging the scope, and varying the purpose of the contract as written, and thus, under the guise of proving an additional consideration, engraft on the written agreement new terms and covenants by parol so as to enlarge the time of performance. Counsel cannot in one breath disclaim that purpose for his second cause of action as pleaded, and in the next breath claim that purpose for *the only evidence offered under that pleading*.

Counsel intimates that the question of the sufficiency of the complaint was not raised in the briefs on the former appeal, and complains that the arguments in support of it

"were the exclusive products of the industry of the court." The point was raised in respondent's opening brief on the first appeal and was thereafter discussed in the appellant's reply brief, and again in appellant's brief on rehearing *En Banc*. Moreover, the trial court discussed the point in his oral ruling on the motion for a new trial. It is simply idle to intimate that the question was not presented in the record.

The statement that the arguments in support of our opinion *En Banc* were the product of the court's industry is largely true, but furnishes no just ground for criticism. The responsibilities of this court as a court of review are not limited to what the briefs may offer. Many appeals are presented in which the respondent fails to appear and file any brief, but we never treat the appellant's case as confessed on that account. In such a case, we always make an independent investigation to the extent that our limited time will permit and endeavor to reach a correct result. For an example, see *Mesher v. Osborne*, 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917.

Finally, the appellant, though insisting that the second trial should have been had on the pleadings as they stood when the new trial was granted, somewhat inconsistently now claims that the trial court erred in refusing to permit an amendment of the second cause of action. The trial court committed no error in this respect. The purpose of the proposed amendment was to claim a breach of the contract on respondent's part in failing to pay ninety per cent of the monthly estimates of rocks removed, as provided in the written contract. This was not claimed as a breach in the original amended complaint. To have permitted the amendment would have introduced an entirely new cause of action. Moreover, to now assert this as a reason for the appellant's delay in removing the rock would be a plain departure from the position taken by appellant in its reply, wherein it is alleged, in substance, that its delay in removing the rock was

contemplated by a collateral oral agreement that appellant should have such time to remove it as might be necessary to dispose of it to third persons for commercial purposes. To permit such a departure by amendment would be to encourage successive trials on wholly different theories and to entertain appeals in piecemeal. Such a course would lead to a never ending litigation of the same transaction. *Perrault v. Emporium Department Store Co.*, 83 Wash. 578, 145 Pac. 438, and cases there cited.

Affirmed.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.