[No. 22276. Department Two. May 28, 1930.]

W. C. CARTER, *Appellant,* v. SPOKANE UNITED RAILWAYS, *Respondent.*[1]

*Joseph J. Lavin,* for appellant.

*Post & Russell,* for respondent.

[1]Reported in 288 Pac. 247.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof and moved for judgment. This motion was sustained, and from the judgment entered dismissing the action, the plaintiff appeals.

The facts may be summarized as follows: The accident for which recovery was sought happened at about twelve o'clock midnight, August 18, 1928, at the intersection of Division street and Cleveland avenue, in the city of Spokane. Division street extends north and south, and Cleveland avenue east and west. Upon Division street, there are double street car tracks. Just prior to the accident, the appellant was a passenger on one of the respondent's street cars, which was proceeding north on the east track on Division street. He intended to alight from the car at the intersection of that street with Cleveland avenue. About a block before the car reached Cleveland avenue, the appellant, who was seated on the left side of the car, pressed the button which gave the signal which indicated to the motorman that he intended to alight at Cleveland avenue. After giving the signal, the appellant arose from his seat, walked to the front of the car and, as he approached the front end, looked through the windows of the car on the right side and saw automobiles approaching from the rear. Just about the time the motorman opened the door for him to step down, he again glanced through the windows on the right side of the car and saw an automobile which he thought was about at the end of the car and which he believed had stopped. He then attempted to alight from the car, and, as he stepped down, was struck by an automobile and sustained the injuries for which he seeks recovery.

The appellant was familiar with this intersection.

The street car did not stop at the cross walk on the south side of Cleveland avenue, but proceeded a distance of thirteen feet or a little more beyond that point. In other words, the appellant alighted from the car approximately thirteen feet or a little more beyond the cross walk.

The automobile which caused the injury was owned by Murray Leytze, and was driven by him at the time of the accident. Leytze testified that he had been following the street car for six or seven blocks, traveling at the rate of seventeen or eighteen miles an hour, while the street car was going fifteen or sixteen. He gradually drew closer to the street car and, as it approached the intersection of Division street with Cleveland avenue, he was of the impression, it appearing to slow down, that it was going to stop at that intersection. With this in mind, he eased on the gas for a little time, and then, it appearing to him that the car was not going to stop, he accelerated the speed a little. When the front end of the street car was at the cross walk on the south side of Cleveland avenue and the front end of the automobile was opposite the rear end of the street car, the brakes on the street car were suddenly set hard, and Leytze, at the same time, in like manner applied his brakes on the automobile. The street car stopped, the appellant attempted to alight, the automobile did not stop but struck the appellant, causing him serious injury. While the appellant testified that he was struck while he was stepping down from the street car, other witnesses to the accident said that he had alighted on the street and taken one or two steps, but this discrepancy in the testimony, as we view the case, is not material.

An ordinance of the city of Spokane, which was in force at the time, provided (a) that no street car should be stopped to take on or let off passengers except at

the near side of an intersection; (b) that it was the duty of every person operating a vehicle traveling in the same direction as a street car to bring such vehicle to a full stop when the street car had stopped to take on or let off passengers; (c) that pedestrians had the right of way at street intersections and crossings; and (d) that no vehicle should overtake and pass or attempt to pass another vehicle at a highway intersection except as therein provided, which proviso is not here material.

The controlling question is whether the respondent was guilty of negligence in opening the door for the appellant to alight thirteen feet north of the cross walk and in the intersection. If, in law, the respondent was not guilty of negligence, then the trial court rightly dismissed the action. Whether the respondent was guilty of negligence in discharging the appellant as a passenger thirteen feet north of the cross walk, depends upon whether there was, at the place where he alighted, some particular inherent danger calling for special care on the part of the operator of the street car.

In *Lindgren v. Puget Sound International R. & P. Co.*, 142 Wash. 546, 253 Pac. 791, a passenger on a street car was carried forty feet beyond the customary place of stopping and into the intersection, where he alighted and was immediately struck by an approaching automobile. It was there held that the defendant was not negligent. Plaintiff in that case was familiar with the intersection where the accident happened, and there was nothing to prevent him from seeing where the car had stopped or that prevented him seeing the approach of automobiles. In the case now before us, the appellant was familiar with the intersection, saw the approach of the automobile and there was nothing

impairing his opportunity to see where the street car had stopped. In the case just cited, it was said:

"Did the stopping of the car only forty feet farther to the south substantially enhance the degree of the company's required duty of protection and warning to Lindgren when he alighted from the car at that place? We think not, and that it must be so held as a matter of law, in view of Lindgren's admitted familiarity with the intersection and all its surroundings and his unimpaired opportunity to see and be fully advised of exactly where he was alighting and the approach of any automobile or other vehicle from the north. There was admittedly no defect in the pavement at the place where he alighted. Indeed, it was exactly the same in character as it was forty feet farther north at the usual stopping place of the car.

"In *Welsh v. Spokane & Inland Empire R. Co.,* 91 Wash. 260, 157 Pac. 679, involving an accident to a passenger immediately after leaving an interurban car upon a street in Spokane, Judge Ellis, speaking for the court, said:

" 'The rule applicable to street cars governs in determining when the relation of carrier and passenger ends as to one alighting in a street from an interurban train. In the absence of any unusual inherent danger, defect or obstruction in the place of alighting, that relation ceases upon the alighting passenger gaining a secure and maintainable footing upon the street.'

"This rule we conceive to be applicable to practically all cases of passengers alighting from street or interurban cars upon public streets, unless there be present, where such stopping is made, some particular inherent danger calling for special care on the part of the operator of the street or interurban car with reference to the safety of passengers alighting therefrom."

In the case now before us, as above indicated, the ordinance of the city provided that pedestrians should have the right of way at street intersections, and that no vehicle should overtake or pass or attempt to pass

another vehicle at such an intersection. So far as appears in the case referred to, there were no such ordinances there involved. The provisions of the ordinance have some bearing upon the character of the place where the appellant alighted. In view of such provisions, and in view of the further fact that the appellant knew of the approach of the automobile, was familiar with the intersection, and there was nothing to impair his opportunity of knowing that he was alighting in the intersection, there is no substantial distinction between this case and the Lindgren case. If there be any distinction, this case furnishes less opportunity for applying the doctrine of some particular inherent danger at the place of alighting than did that.

In the case of *Henry v. Grant Street Electric R. Co.*, 24 Wash. 246, 64 Pac. 137, the street car failed to stop at a platform and proceeded a short distance beyond, and permitted a passenger to alight on an open trestle in the dark of the night. There the doctrine of the inherent danger of the particular place was applied, but we see no similarity between the facts of that case and the one now before us.

Whether the appellant in this case was guilty of contributory negligence, is a question which it is not necessary here to determine, and we express no opinion upon that question.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, and FRENCH, JJ., concur.