[No. 29509.   Department Two.   August 2, 1945.]

THE STATE OF WASHINGTON, *Appellant*, v. THOMAS F.
BAUERS, *Respondent.*[1]

*Lloyd Shorett* and *John J. Kennett,* for appellant.

*Henry Clay Agnew,* for respondent.

[1]Reported in 161 P. (2d) 139.

BLAKE, J.—The defendant, Bauers, was charged with first-degree murder and convicted of second. He interposed a motion for a new trial upon five of the statutory grounds delimited by Rem. Rev. Stat., § 2181 [P.P.C. § 136-1], among which he specified subd. 5: "Error of law occurring at the trial and *excepted to by the defendant.*" (Italics ours.) The court entered an order granting the motion "upon the following grounds and no others, to-wit:

"1. That the Court erred in submitting to the jury the issue of the guilt of the Defendant of murder in the second degree, the Court being of the opinion that the evidence did not justify the submission of second degree murder for the reasons set forth more fully in the Court's oral decision.

"2. That Plaintiff's attorney was guilty of misconduct in his closing argument to the jury by making remarks concerning the testimony of certain Seattle police officers, which remarks were prejudicial to the defendant, for the reasons set forth more fully in the Court's oral decision."

The state has appealed from the order.

■ Although respondent suggests that reference to the court's oral decision will disclose that the order was made in the exercise of the court's discretionary power, we think the order is clearly one based upon specific grounds, the essence of which are: (1) That error of law occurred at the trial in submitting second-degree murder to the jury; and (2) misconduct of counsel in his closing argument to the jury. Indeed, the court declared in its order that a new trial was granted on these grounds "and no others." Reference to the oral decision can add nothing to the order. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142; *Wood v. Hallenbarter,* 12 Wn. (2d) 576, 122 P. (2d) 798.

■ When a motion for a new trial is granted upon specific grounds, stated in the order, the only question on appeal is whether such grounds are sufficient in law to justify the court in granting a new trial. If the grounds stated in the order are insufficient in law to sustain it, the

order cannot stand. This court will not search the record to ascertain whether the order granting a new trial might be sustainable on other grounds or under the discretionary power of the court. *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Gray v. Washington Water Power Co.,* 27 Wash. 713, 68 Pac. 360; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Grant v. Huschke,* 70 Wash. 174, 126 Pac. 416.

The scope of the appeal being thus limited, we are called upon to determine only (1) whether, under Rem. Rev. Stat., § 2181, "error of law," requiring that a new trial be granted, was committed by submitting second-degree murder to the jury; and (2) whether the misconduct of counsel, under the record made, constitutes a ground for granting a new trial.

■■ *First.* Respondent took no exceptions to the instructions submitting second-degree murder to the jury. Clearly under subd. 5 of § 2181; an "error of law" is not a ground for a new trial unless exception is taken to it. We have repeatedly held that we cannot review errors directed against instructions to which no exceptions were taken at the trial. *State v. Peeples,* 71 Wash. 451, 129 Pac. 108; *State v. Macleod,* 78 Wash. 175, 138 Pac. 648; *State v. Stratton,* 170 Wash. 666, 17 P. (2d) 621; *State v. Thomas,* 8 Wn. (2d) 573, 113 P. (2d) 73; *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659.

*Second.* What we have said in disposing of the first ground upon which the order granting a new trial was based, is, in large measure, applicable to the second.

■ Under our decisions, misconduct of counsel constitutes "error of law," to which exception must be taken. *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942; *State v. Stratton, supra; State v. Wright,* 199 Wash. 521, 92 P. (2d) 247. Counsel for respondent made but one objection during the closing argument of counsel for the state.

Before adverting to it, we shall state briefly the facts upon which respondent was charged with murder and the

theory of his defense. His wife died as the result of a wound inflicted by a bullet discharged from a rifle held in the hands of respondent. The charge of murder in the first degree was, of course, predicated on the theory that respondent discharged the rifle with the premeditated design to effect the death of his wife. He claimed that the rifle was accidentally discharged while he was examining it and undertaking to explain its mechanism to his sister.

Counsel for respondent concluded his opening statement to the jury as follows:

"I have not attempted to cover all the evidence that will be presented; but the outline of the case is simply this: They had been quarreling, yes; but she wanted nothing from him except a request to pay for half of the divorce. He was about to go in the Army. It was just a matter then of three or four days for him to report. He sat for an hour in the attorney's office with her, hand in hand. They went out to lunch together, and he went to his little sister's, and this thing happened and it happened by accident, *and every detective and officer in the city of Seattle thinks it was an accident. There is only one man in King County that thinks otherwise.*" (Italics ours.)

Counsel maintained his thesis consistently (and quite vigorously) throughout the trial. On cross-examination of Captain Scrafford, of the homicide squad, who was called as a witness for the state, the following occurred:

"Q. You at that time told Mr. Houghton that 'this is the way I figured out it happened: it was an accident all right, but one of them must have had their hand on the trigger.' Didn't you say that? A. No, I don't think I said that. Q. What is that? A. No, I don't think I said that. Q. Well, isn't that in substance the way you did figure it out? MR. KENNETT: Objected to as calling for a conclusion. It is immaterial what this witness may have figured out. It is nothing but a conclusion. THE COURT: I think he may answer. A. I don't recall that. Q. (By Mr. Agnew) Well, you did figure it out, whether you said that to Houghton in those words or not, that you believed this to be an accident, didn't you? A. I don't think I said it was an accident, no. Q. You don't think you said you did; but that's the way you feel about it, isn't it? A. I don't know—"

Then, on redirect examination, the captain testified:

"Q. Captain, what is your personal opinion as to whether this was an accident or not? A. I have always stated that it could be either. I have stated that it is—The circumstances that led up to it would make me believe that it was not accidental; and that the circumstances that led up to it could make it accidental. The evidence is not, to me, strong enough that I would want a man to suffer the extreme penalty from the evidence I have."

At the outset of his closing argument to the jury, counsel for the state read the foregoing question and answer and followed up with an argument of some six hundred words, reflecting rather severely upon the attitude of the police officers who investigated the affair and who testified at the trial. This branch of his argument culminated as follows: He said,

"Now, counsel relies frequently upon his ability to get certain police officers to so qualify their testimony as to confuse you and to raise a doubt in your mind. MR. AGNEW: I object to that and ask that the statement be stricken: outside the record. THE COURT: Well, I think the case should be discussed from the standpoint of the evidence that has been admitted. I have already instructed the jury, in another instruction in the case, to disregard the statements about which there is no evidence, so we will not go into it any further."

■ Counsel for respondent took no exception to the court's ruling upon his objection, nor did he ask for a more explicit ruling. After the court's ruling, counsel for the state, proceeding with his argument, took up an entirely different phase of the evidence. The statement to which objection was made was not so inherently damaging but that it could have been cured by striking and by an admonition to the jury to disregard it. The ruling of the court must have been deemed adequate in this respect by counsel for respondent, for he took no exception to it. In any event, being "an error of law occurring at the trial," an order granting a new trial could not be predicated upon it in the absence of an exception to it. *State v. Bailey, supra;*

*State v. Meyerkamp, supra; State v. Stratton, supra; State v. Wright, supra.*

We conclude that the reasons stated in the order granting a new trial are insufficient in law to sustain it.

The order granting a new trial is reversed.

BEALS, C. J., SIMPSON, ROBINSON, and MALLERY, JJ., concur.

September 14, 1945. Petition for rehearing denied.