[No. 29924. *En Banc.* July 6, 1946.]

BERTHA LARSON, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 171 P. (2d) 212.

*Guy B. Knott* and *W. R. McKelvy*, for appellant.

*A. C. Van Soelen* and *Arthur Schramm*, for respondent.

SIMPSON, J.—Plaintiff brought action against the city of Seattle for personal injuries. Trial to a jury resulted in a verdict in favor of plaintiff. Defendant filed a motion for new trial upon the grounds of irregularity in the proceeding of the court, jury, or adverse party; excessive damages which indicated passion or prejudice on the part of the jury; that there was no evidence or reasonable inference from the evidence to justify the verdict, and error of law occurring at the trial. The court granted the motion on the sole and specific ground that he had made an error in the giving of one instruction. Plaintiff in appealing to this court has assigned as error the granting of a new trial.

The evidence relative to the accident was in dispute. Appellant's evidence showed that she was a passenger upon a Seattle bus July 27, 1944. Just after she rang the buzzer for a stop, the bus stopped in the middle of a gravel street or road and then moved to the curb, a place where it was some considerable distance from the bus, or the bus steps, to the ground. Where she alighted, the ground was covered with rocks and gravel. When she started to get off the bus, it was moved, and she was thrown to the ground, where she suffered severe injuries by falling upon rocks. The place

where the bus stopped was about ten feet from its usual stopping place.

The evidence produced by respondent presented its view of the facts as follows: The city bus stopped at its usual stopping place and did not move while appellant was getting to the ground. The ground or portion of the street where she alighted was covered with fine gravel, and there were no large stones or rocks beneath the bus step. Appellant fell after alighting, and after having taken one, two, or three steps.

The instruction in question reads as follows:

"You are instructed that if you find from a fair preponderance of the evidence that the bus was standing on substantially higher ground than that upon which plaintiff had to step in order to get off the bus, and if you find that because of this condition a person in the exercise of ordinary care might have stumbled and fallen down to his injury, then the plaintiff was not guilty of contributory negligence in falling down while getting off said bus."

The trial court decided that he should have used the word "would" instead of the word "might."

Numerous cases have been decided touching upon the use of these words in instructions. No good would be served in discussing all of them. We are of the opinion that the word "might" used in the instruction was entirely correct. It is not necessary for us to inquire into the potentialities of the two words. The word "might" is the preterit of the word "may" and is equivalent to "had power" or "was possible." The word "might" as defined by Webster, denotes not alone a possibility, but also ability and capability. *Lewiston Milling Co. v. Cardiff*, 266 Fed. 753.

In an action for assault on a passenger by fellow passengers, an instruction stated to the jury that the duty of the conductor was to protect the party assaulted if he "anticipated that such assault might be made." It was held not to be error to use the word "might" instead of "would," since the law requires that a carrier use the highest degree of diligence to protect passengers from assault which may reasonably be anticipated, and that the word "might" was

used in the place of "may" when referring to past time, or to a past event. *Louisville R. Co. v. Wellington,* 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077.

■ Respondent contends that the court erred in other particulars and insists that we consider them, in view of our repeated holding that, in cases in which a new trial is granted on a specific ground and the adverse party appeals, the respondent may urge in support of the motion any grounds set out therein, and this court will not reverse if the order can be sustained on any ground set out in the motion. Respondents are met with the contrary holding in the recent case of *State v. Bauers,* 23 Wn. (2d) 462, 161 P. (2d) 139.

In the *Bauers* case this court had before it a motion for a new trial upon five of the statutory grounds mentioned in Rem. Rev. Stat., § 2181, among which was specified subd. 5, referring to error of law occurring at the trial and excepted to by the defendant. The trial court granted the motion upon the following grounds and no other:

" '1. That the Court erred in submitting to the jury the issue of the guilt of the Defendant of murder in the second degree, the Court being of the opinion that the evidence did not justify the submission of second degree murder for the reasons set forth more fully in the Court's oral decision.

" '2. That Plaintiff's attorney was guilty of misconduct in his closing argument to the jury by making remarks concerning the testimony of certain Seattle police officers, which remarks were prejudicial to the defendant, for the reasons set forth more fully in the Court's oral decision.' "

In passing upon the issue presented, we stated:

"When a motion for a new trial is granted upon specific grounds, stated in the order, the only question on appeal is whether such grounds are sufficient in law to justify the court in granting a new trial. If the grounds stated in the order are insufficient in law to sustain it, the order cannot stand. This court will not search the record to ascertain whether the order granting a new trial might be sustainable on other grounds or under the discretionary power of the court. *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Gray v. Washington Water Power Co.,* 27 Wash. 713, 68 Pac. 360;

*Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Grant v. Huschke,* 70 Wash. 174, 126 Pac. 416.

"The scope of the appeal being thus limited, we are called upon to determine only (1) whether, under Rem. Rev. Stat., § 2181, 'error of law,' requiring that a new trial be granted, was committed by submitting second-degree murder to the jury; and (2) whether the misconduct of counsel, under the record made, constitutes a ground for granting a new trial."

The rule relative to this question was announced in *Rochester v. Seattle, R. & S. R. Co.,* 75 Wash. 559, 135 Pac. 209. In that case it was stated by this court:

"In cases where the subordinate or trial court upon motion has entered an order granting a new trial upon a specific ground and an appeal follows, the great weight of authority is that the party in whose favor the order was entered may, upon appeal therefrom by the adverse party, urge any ground in support of the order which was covered by the motion, and that the appellate or reviewing court, even though it be of the opinion that the order cannot be sustained upon the specific ground stated or reason given by the trial court, will not reverse the order if it can be sustained upon any legal ground. 2 Ency. Plead. & Prac., 373; *Nally v. McDonald,* 77 Cal. 284, 19 Pac. 418; *Sherwood v. Kyle,* 125 Cal. 652, 58 Pac. 270; *Kauffman v. Maier,* 94 Cal. 269, 29 Pac. 481, 18 L. R. A. 124; *Hewitt v. Steele,* 118 Mo. 463, 24 S. W. 440; *Shanklin v. Hall,* 100 Cal. 26, 34 Pac. 636; *Morrow v. St. Paul City R. Co.,* 65 Minn. 382, 67 N. W. 1002; *Lovell v. Davis,* 52 Mo. App. 342; *Ittner v. Hughes,* 133 Mo. 679, 34 S. W. 1110. The principle which runs through all of these cases is that, where the trial court grants a motion for a new trial upon a specific ground, and there is an appeal therefrom, the reviewing court may consider all the grounds of the motion in determining the correctness of the ruling. This principle appears to us to be not only sound in reason but just in its practical operation. If the appellate court is limited in passing upon an appeal from an order granting a new trial to the ground stated in the order, and it should believe that ground untenable, then the order must be reversed, and after the trial court has entered a judgment of reversal, a second appeal may follow to determine whether the other grounds of the motion may not be well taken. This entails upon litigants unnecessary expense and delay, and in some cases would work serious injustice. The cause upon the second appeal would be before the appellate court upon

identically the same record as upon the first. From no just point of view can a rule of practice which unnecessarily prolongs the litigation and increases the expense thereof be upheld. So far as we are informed, there are no authorities out of harmony with the rule above stated, except the previous holdings of this court. In the cases of *Gray v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac. 360; *Id.*, 30 Wash. 154, 70 Pac. 255; *Lawrence v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804; and *Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944, it has been held that where the motion for new trial was granted upon a specific ground, that this court upon an appeal would consider only the ground stated by the trial court for its ruling, and would not consider the other grounds covered by the motion. . These decisions are, in our opinion, supported neither by good reason nor authority, and are therefore expressly overruled. The correct rule of practice is now announced to be that, where, upon the consideration of a motion for new trial, the trial court enters an order granting the motion upon a specific ground or for a specific reason stated, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which were covered by his motion, and is not limited to the specific ground or reason upon which the trial court based the order. A second appeal will not be entertained."

The rule just mentioned has been approved by this court in the following cases: *Pierce v. Seattle Electric Co.*, 83 Wash. 141, 145 Pac. 228; *Langley v. Devlin*, 87 Wash. 592, 151 Pac. 1134; *Smith Sand & Gravel Co. v. Corbin*, 89 Wash. 43, 154 Pac. 150; *Parkhurst v. Elliott*, 103 Wash. 89, 173 Pac. 731; *Young v. Dille*, 127 Wash. 398, 220 Pac. 782; *Fuller v. Friedman*, 131 Wash. 282, 230 Pac. 155; *Fagerdahl v. North Coast Transp. Co.*, 178 Wash. 482, 35 P. (2d) 46; *Grant v. Fisher Flouring Mills Co.*, 190 Wash. 356, 68 P. (2d) 210; *State v. Douglas*, 193 Wash. 425, 75 P. (2d) 1005; *New York Life Ins. Co. v. Newport*, 1 Wn. (2d) 511, 96 P. (2d) 449; *Kalinowski v. Y. W. C. A.*, 17 Wn. (2d) 380, 135 P. (2d) 852; *Wheeler v. Bill*, 18 Wn. (2d) 196, 138 P. (2d) 857.

As stated in the above quotation, this court expressly overruled the *Gray* and *Lawrence* cases, two of those cited as a basis for our holding in the *Bauers* case. All that we

decided in the *Gardner* case relative to motion for new trial was that on questions of law presented, instead of fact, we would not be controlled by the judgment of the trial court in passing thereon. In the *Grant* case (not overruled) this court stated that when a new trial is granted upon specified legal grounds, the inquiry here will be limited to the grounds stated in the order.

After a thorough consideration of all our cases upon the subject under discussion, we conclude that the rule as announced in the *Rochester* case is a proper one and should be followed. It acts in the interest of justice and orderly procedure, and by eliminating subsequent appeals from a judgment originally appealed from, favors the speedy determination of litigation. The *Grant* and *Bauers* cases are accordingly overruled.

Proceeding now under the reaffirmed rule to which we have just addressed ourselves, we will consider the reasons advanced by respondent for affirming the action of the trial court.

■ Respondent urges that instruction No. 7 was erroneous because it told the jury that certain facts did not constitute contributory negligence. We do not so consider the instruction. The court had a right, and it was its duty, to instruct the jury that, under certain conditions, of which the one spoken of in the instruction was one, the acts of the appellant did not constitute contributory negligence. The court did not comment upon the facts by stating that the evidence showed certain facts, but left the determination of what the facts really were to the jury.

■ Instructions Nos. 2 and 9, as given by the court, read as follows:

No. 2. "The City of Seattle, when it engages in the business of operating the municipal transportation system, is a common carrier of passengers for hire. A common carrier of passengers for hire is not an insurer of the safety of its passengers but does owe to them the highest degree of care for their safety which is compatible with the practical operation thereof. If you find that the bus driver failed to exercise such degree of care in any one of the particulars charged in the foregoing instruction, such failure would constitute

negligence on the part of the defendant City, and if you further find that such negligence was the direct and proximate cause of the damages and injuries by the plaintiff sustained, then your verdict should be for the plaintiff, *unless you further find that the plaintiff was guilty of contributory negligence in failing to use her own senses and faculties for her own safety in and after alighting from the bus* and that such failure materially and proximately contributed to cause the accident." (Italics ours.)

No. 9. "You are instructed that when a passenger alights from a bus upon the street and reaches a position of safety from any contact or collision with the bus, such person then ceases to be a passenger. And if you find that the plaintiff, after alighting from the bus, had reached a position of safety from collision with the bus but thereafter fell upon some rock or gravel in the street, then the plaintiff cannot recover in this action."

It is respondent's contention that instruction No. 2 informed the jury that appellant continued to be a passenger after she alighted from the bus. Instruction No. 2 does not admit of the construction claimed for it by the respondent. The words we italicize above, standing alone, would be subject to criticism. However, when compared with the balance of the instruction, of which it is a part, and instruction No. 9, it is clear that the jury were not misinformed, for they knew that appellant was not a passenger after she had reached a position of safety.

█ █ Error is predicated upon the refusal of the court to give requested instructions Nos. 5 and 7. Proposed instruction No. 5 contained information that, in the absence of any unusual and inherent danger, the respondent was not charged with the duty of warning an alighting passenger that the bus would stop at an unusual place. Respondent cites *Lindgren v. Puget Sound International R. & P. Co.,* 142 Wash. 546; 253 Pac. 791, *Carter v. Spokane United Rys.,* 157 Wash. 166, 288 Pac. 247, and *Wullbrandt v. Seattle,* 196 Wash. 645, 84 P. (2d) 123, as sustaining authority for its argument. While it is true that it is not negligence to discharge a passenger at a point other than the usual stopping place, we do not feel it was necessary to give the instruction

proposed by respondent, for the reason that the instructions taken as a whole properly instructed the jury as to the law governing the case before the jury.

Requested instruction No. 7 was to the effect that respondent was not negligent, if it was found that its bus was brought to a complete stop before appellant attempted to alight and did not move while she was stepping to the ground. Instructions given by the court explained that one of the charges of negligence on the part of respondent was that it moved its bus while appellant was alighting, and that the burden was upon appellant to prove that allegation by a fair preponderance of the evidence. Having instructed the jury as to what must be proven before appellant could recover, and having called the attention of the jury to the fact that appellant must prove those facts by preponderance of the evidence, it became unnecessary for the court to give a negative instruction—that is, to tell the jury that, if they found that the respondent had not committed certain acts, they should find for the respondent.

We have given careful consideration to all of the instructions given by the court and conclude that they, as a whole, properly stated the law to the jury, and that there was no error in the giving of instructions.

The case is reversed, with instructions to enter a judgment upon the verdict returned by the jury.

ALL CONCUR.