[No. 20379-4-III.   Division Three.   January 7, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. LISA ANN CHRISTOPHER, *Appellant*.

---

*William D. McCool*, for appellant.

*James L. Nagle, Prosecuting Attorney*, and *Gabriel E. Acosta, Deputy*, for respondent.

SCHULTHEIS, J. — Lisa Christopher appeals the judgment and sentence entered after a jury found her guilty of prescription fraud. First, she contends the trial court erred when it admitted certain medical records at trial. Second, she claims prosecutorial misconduct during closing arguments denied her a fair trial. Because we find exhibit 5 was improperly introduced as evidence at trial and resulted in prejudice to Ms. Christopher, we reverse and remand.

## FACTS

Ms. Christopher was contacted at a Rite Aid store on January 7, 2001, by a Walla Walla police officer who was investigating an alleged incident of prescription fraud. The investigation stemmed from a suspicious call made to the store earlier that day by a female who requested a prescription narcotic medication. The call was received by a Rite Aid pharmacist. Although the caller identified herself as Cheryl from the Walla Walla Clinic, the pharmacist, who was familiar with Cheryl's voice, did not believe the caller was actually Cheryl. Acting on his suspicion, the pharmacist called Cheryl at the clinic and attempted to verify that she had called in a prescription for Lisa Christopher that day. When told no, the pharmacist then asked if Ms. Christopher had been seen at the clinic that day. The answer was again no. As a result, the pharmacist contacted the Walla Walla Police Department and relayed the above information. Later that day, the police department responded to a call from the pharmacy when Ms. Christopher arrived to pick up the allegedly fraudulent prescription.

At the conclusion of the investigation, Ms. Christopher was charged with one count of prescription fraud. A jury trial commenced in May 2001. Exhibit 5 was admitted at trial, which was a portion of Ms. Christopher's medical chart from the clinic. The exhibit was a photocopy of several handwritten messages. Of particular interest in this appeal is the notation of a phone call dated January 7, 2001. The message states:

1/7/01 *Phone call* Rite Aid (Barry pharmacist)

> They received a *Fraudulent* call (this a.m.) that I (As Cheryl from walk-in) called in a prescription for Hydrocodone. Recommend they inform the Police about this matter.

> *Recommend No further Narcotics from this Clinic. [Signature illegible]

Clerk's Papers (CP) at 28. This exhibit was admitted into evidence over defense counsel's strenuous objection. The court reasoned that although the document was "somewhat prejudicial," it was also relevant. Report of Proceedings (RP) at 47.

During summation, defense counsel used a stair-step analogy to explain to the jury the concept of proof beyond a reasonable doubt. The bottom stair was no evidence, next was suspicious circumstances, then possibility, then various levels of probability, and finally beyond all doubt. In rebuttal, the prosecutor made the following comment: "Beyond a reasonable doubt may be based on mere suspicious circumstances, if the suspicious circumstances warrant beyond a reasonable doubt." Suppl. RP at 34-35. Defense counsel immediately objected, arguing the State had misstated the law. The court overruled the objection and asked the State to "move on to something else." Suppl. RP at 35.

The jury found Ms. Christopher guilty of prescription fraud. She received a standard range sentence. This timely appeal resulted.

## ANALYSIS

■ We are first asked to determine whether the trial court erred when it admitted exhibit 5 into evidence at Ms. Christopher's trial. A court's decision whether to admit or exclude evidence is given great weight and will be reversed only upon a manifest abuse of discretion. *State v. Bourgeois*, 133 Wn.2d 389, 399, 945 P.2d 1120 (1997).

Ms. Christopher contends the trial court abused its discretion in admitting exhibit 5. She claims the exhibit, which was a portion of her medical record introduced as a business record, was not admissible because it contained opinion, conjecture, or speculation, which violates the rule set forth in *Young v. Liddington*, 50 Wn.2d 78, 83-84, 309 P.2d 761 (1957). The State disagrees, maintaining the chart note stated only fact, not conjecture or speculation. Further, it believes that even if the trial court erred in admitting the exhibit, it was harmless error.

■ By its terms, the business records statute applies only to the record of an act, condition, or event. RCW 5.45-.020. In the case of medical records, admissible evidence would include the physician's chart notes based upon contact with a patient that are reasonably pertinent to the medical diagnosis or prescribed treatment. ER 803(a)(4). Here, the information contained in exhibit 5 does not pertain to any of the above information. Instead, it merely documents information received from a third party with no expertise to form a legal conclusion. This is known as hearsay within hearsay, which is inadmissible unless both forms of hearsay are subject to one of the hearsay exceptions. ER 805. The pharmacist's information is not subject to a hearsay exception, nor is the unnamed nurse's chart note. Because the information contained in the chart note was not admissible evidence, exhibit 5 should not have been introduced at trial.

■ Furthermore, we have determined the information contained in exhibit 5, specifically the term "Fraudulent call,"[1] resulted in an impermissible lay opinion concerning an ultimate fact the jury was to decide. Only an *expert* witness is permitted to express an opinion regarding an ultimate issue that is to be decided by the jury. ER 704; *State v. Baird*, 83 Wn. App. 477, 485, 922 P.2d 157 (1996). Here, the pharmacist, who passed on information to a nurse at the Walla Walla Clinic, was not qualified to make a legal

---

[1] CP at 28.

conclusion regarding a phone call (i.e., that it was fraudulently made). Furthermore, because it is the responsibility of the jury to determine the guilt or innocence of a defendant, no witness (lay or expert) may opine as to a defendant's guilt, whether by direct statement or by inference. *State v. Farr-Lenzini*, 93 Wn. App. 453, 459-60, 970 P.2d 313 (1999). This type of opinion would "invade the jury's independent determination of the facts and violate the defendant's constitutional right." *Id.* at 460. "[T]he closer the tie between an opinion and the ultimate issue of fact, the stronger the supporting factual basis must be." *Id.*

■ Here, the ultimate issue the jury was to decide was whether Ms. Christopher was guilty of prescription fraud pursuant to RCW 69.50.403(a)(3). The elements the State needed to prove beyond a reasonable doubt were: (1) that Ms. Christopher knowingly or intentionally (2) obtained or attempted to obtain a controlled substance (3) by fraud, deceit, misrepresentation, or subterfuge, and (4) that the act occurred in the state of Washington. The note contained in exhibit 5 spoke to all four elements, which invaded the province of the jury.

■ We now must determine whether this error was of sufficient magnitude to require reversal of the conviction. Because the error here was the result of the violation of an evidentiary ruling, we apply "the rule that error is not prejudicial unless, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred." *State v. Tharp*, 96 Wn.2d 591, 599, 637 P.2d 961 (1981). In other words, the improper admission of exhibit 5 is considered harmless if its admission is of minor significance compared to the evidence as a whole. *Bourgeois*, 133 Wn.2d at 403. We cannot say it was.

Ms. Christopher's defense theory was that she did not make the phone call to the pharmacy. She told the jury the call was made by a houseguest. Ms. Christopher testified that she was caught completely off guard when she was detained and questioned by the police at the Rite Aid store because she had no idea the prescription was not perfectly

legitimate. In its case in chief the State presented exhibit 5 as well as the testimony of the pharmacist who took the call on the date in question. The pharmacist testified he could not identify Ms. Christopher's voice as the one that he heard on the date in question. The jury deliberated for several hours and requested clarification of issues in notes it sent to the court during deliberations. From the content of the notes it is clear the jury's opinion on Ms. Christopher's guilt or innocence was not unanimous for quite a period of time. We cannot say that the improper opinion testimony did not have an effect on the jury's guilty verdict; thus, the error was not harmless. *State v. Easter*, 130 Wn.2d 228, 242, 922 P.2d 1285 (1996). Because this issue is determinative to the outcome of the appeal, we need not address the allegation of prosecutorial misconduct.

The case is reversed and remanded due to prejudicial error in admitting at trial exhibit 5.

KATO, A.C.J., concurs.

SWEENEY, J. (dissenting) — I respectfully dissent for a number of reasons.

Lisa A. Christopher did not object to the admission of this medical record on the ground that it was hearsay at the time of trial. And so the trial judge had no opportunity to rule or instruct based on that ground. *State v. Carlson*, 61 Wn. App. 865, 869, 812 P.2d 536 (1991) (citing *State v. Bauers*, 23 Wn.2d 462, 466-67, 161 P.2d 139 (1945) (reversing a grant of new trial because no objection was made at trial to errors that the trial judge identified as grounds for the new trial), *overruled on other grounds by Larson v. City of Seattle*, 25 Wn.2d 291, 171 P.2d 212 (1946)).

Her objection at trial was that the prejudicial value of the exhibit outweighed its probative value and the evidence was cumulative. Counsel on appeal observes that the court did not expressly state on the record that the probative value substantially outweighed its prejudicial effect. But again, he assigns no error to this very discretionary ruling.

Ms. Christopher may assign error only on the specific ground of the evidentiary objection made at trial. *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).

Likewise, the statement of an opinion by a lay witness may have been objectionable. But, here, again, the trial judge was given no opportunity to pass upon this. He may have excluded the exhibit altogether or he may have limited the jury's consideration of the exhibit by appropriate instructions.

To warrant reversal, an error must be so serious that no instruction can cure any prejudice. *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988). "When error may be obviated by an instruction to the jury, the error is waived unless an instruction is requested." *State v. Ramirez*, 62 Wn. App. 301, 305, 814 P.2d 227 (1991) (citing *State v. Barber*, 38 Wn. App. 758, 771, 689 P.2d 1099 (1984) and 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 24 (3d ed. 1989) (failure to request limiting instruction waives any objection to admission of evidence if instruction would have eliminated any unfair prejudice)).

For example, the court may well have instructed the jury that the medical record was relevant only to prove a call was made and that whether or not the call constituted fraud (here a question undisputed) or implicated Ms. Christopher was for the jury to decide. In fact, the defense conceded that the call was fraudulent. RP at 22-24, 156; Suppl. RP at 19. The only dispute was whether the fraud was Ms. Christopher's or someone else's.

Next, I do not regard the argument by the prosecuting attorney as misconduct. In fact, it is far from it. I believe it was proper.

In closing argument, defense counsel for Ms. Christopher explained reasonable doubt to the jury by using a stair-step analogy. At the bottom is no evidence, next to the bottom is suspicious circumstances, then possibility, probability, strong probability, high probability, then proof beyond a

reasonable doubt. Suppl. RP at 15-23. The prosecutor responded that "beyond a reasonable doubt" may be based on mere suspicious circumstances if the suspicious circumstances warrant the conclusion beyond a reasonable doubt. Suppl. RP at 34-35. For me this is a reasonable statement of the standard set out in *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). We affirm a jury verdict if, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

I would affirm this conviction.

Review denied at 149 Wn.2d 1034 (2003).